**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| DONALD HEATH MARSH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:10CR353-1 |
| ) | 1:13CV434 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 26) ("Section 2255 Motion").[1] For the reasons that follow, the Court should deny Petitioner's Section 2255 Motion.

<u>INTRODUCTION</u>

This Court (per Senior United States District Judge N. Carlton Tilley, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 145 months, upon his guilty plea to distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) & (b)(1). (Docket Entry 14; <u>see also</u> Docket Entry 1 (Indictment); Docket Entry 7 (Plea Agt.); Docket Entry dated Dec. 8, 2010 (documenting guilty plea); Docket Entries dated May 13, July 21 and 28, 2011 (documenting sentencing); Docket Entry 19

---

[1] Parenthetical citations refer to Petitioner's criminal case.

(Plea Hrg. Tr.); Docket Entries 18, 20, 21 (Sent'g Hrg. Tr.).) The United States Court of Appeals for the Fourth Circuit affirmed and the United States Supreme Court denied certiorari. United States v. Marsh, 479 F. App'x 538 (4th Cir.), cert. denied, ___ U.S. ___, 133 S. Ct. 676 (2012). Petitioner then timely filed his instant Section 2255 Motion (Docket Entry 26), along with a Memorandum of Law in Support (Docket Entry 27). The United States responded (Docket Entry 29) and Petitioner replied (Docket Entry 31).[2]

## DISCUSSION

Via the instant Section 2255 Motion, Petitioner asserts these three grounds for relief:

1) ineffective assistance of trial-level and appellate counsel related to the factual basis for Petitioner's guilty plea, in light of an unpursued suppression issue (see Docket Entry 26, Continuation Sheet, p. 1 ("Ground One"));

2) ineffective assistance of trial-level counsel in not securing the presence of two witnesses at Petitioner's sentencing hearing (see id. ("Ground Two"));[3] and

---

[2] Petitioner also filed an Objection (Docket Entry 30), opposing consideration of an affidavit of his former counsel attached to the Response by the United States. Because the instant Section 2255 Motion fails as a matter of law without considering that affidavit, the Court need not address Petitioner's Objection.

[3] Ground Two originally included an additional claim that Petitioner's "[a]ppellate [c]ounsel was also ineffective for failing to appeal the [] [C]ourt's denial of [Petitioner's] request
(continued...)

2

3) ineffective assistance of trial-level counsel in failing to associate another attorney (or, alternatively, to prepare properly) for Petitioner's sentencing hearing and of appellate counsel in failing to appeal the denial of a continuance of the sentencing hearing to facilitate trial-level counsel's association of another attorney (see id., Continuation Sheet, pp. 1-2 ("Ground Three")).[4]

To make out an ineffective assistance claim, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). "Surmounting Strickland's high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted). All of Petitioner's ineffective assistance of counsel claims fail as a matter of law.

Ground One – Guilty Plea (Factual Basis/Motion to Suppress)

As to Ground One, Petitioner has asserted that his trial-level counsel provided constitutionally ineffective assistance:

---

[3](...continued)
to call the witness[es]" (Docket Entry 26, Continuation Sheet, p. 1), but Petitioner later expressly "abandon[ed] this sub-issue" (Docket Entry 31 at 6 n.8).

[4] Petitioner's Section 2255 Motion originally included a fourth ground for relief (see Docket Entry 26, Continuation Sheet, p. 2), but Petitioner later expressly "abandon[ed] Ground Four" (Docket Entry 31 at 1).

3

1) by "advising [Petitioner] to plead guilty and [by] not advising [him] to withdraw his plea [because] there was an insufficient basis to support a guilty plea under 18 U.S.C. § 2252[A](a)(2)" (Docket Entry 26, Continuation Sheet, p. 1);[5] and

2) by "failing to move for suppression of the fruits of an unlawful search" (id.).

The Factual Basis filed by the United States reflects that:

1) an "Internet Crimes Against Children (ICAC) Task Force Officer [] located a computer on an internet protocol (IP) address <u>sharing</u> suspected child pornography <u>through a peer-to-peer file sharing program</u>" (Docket Entry 8-1 at 1 (emphasis added); see also id. (stating that ICAC Officer "identified files as suspected child pornography, based both on their unique digital signature (SHA-1 values), and his own observation of files and their contents"));

2) the ICAC Officer "obtained an administrative subpoena, which identified the IP address as belonging to [Petitioner] at his computer software business location" (id.);

3) "in a consensual non-custodial interview, [the ICAC Officer] asked [Petitioner] which of the numerous computers at the business had file-sharing software installed . . . [and Petitioner identified] one such computer . . . in his office" (id. at 2); and

---

[5] Petitioner capitalized the first letter of each word in his description of his claims, but (for ease of reading) this Memorandum Opinion uses standard capitalization conventions when quoting those descriptions.

4) pursuant to a search warrant, the ICAC Officer seized Petitioner's "office computer and some memory media . . . [which] contained files . . . depicting previously identified actual minors [] engaged in sexually explicit conduct; some of the images originated outside of the United States" (id.; see also id. ("Two thumb drives were found on [Petitioner's] desk, with one containing child pornography.")).

The foregoing facts (the accuracy of which Petitioner personally acknowledged under oath (see Docket Entry 19 at 37-38)) established a more than sufficient foundation for this Court to find that a factual basis supported Petitioner's guilty plea to a child pornography distribution offense under 18 U.S.C. § 2252A(a)(2)(A) & (b)(1). See United States v. Dunn, 777 F.3d 1171, 1175 (10th Cir. 2015) ("[A]ctive distribution or transfer of possession to another is not required to prove distribution under § 2252A(a)(2): a reasonable jury could find that knowingly allowing others access to child pornography over the internet is sufficient. Thus, [a] defendant's placement of child pornography files into a shared folder accessible to others was itself sufficient for the trier of fact to conclude that the defendant had 'distributed' the material."); accord United States v. Richardson, 713 F.3d 232, 235-36 (5th Cir. 2013); see also United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) ("In order to comply with [the factual basis requirement now-codified at Federal Rule of

5

Criminal Procedure 11(b)(3)], a district court need not replicate the trial that the parties sought to avoid. Rather, it need only be <u>subjectively</u> satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense. The district court possesses wide discretion in determining whether a sufficient factual basis exists . . . ." (internal citations omitted) (emphasis added)); <u>United States v. Bastian</u>, 650 F. Supp. 2d 849, 861 (N.D. Iowa 2009) ("It is axiomatic that a person who installs a file-sharing program on a personal computer intends to use that program to share files. Otherwise, there would be no reason to install it."), <u>aff'd</u>, 603 F.3d 460 (8th Cir. 2010); 18 U.S.C. § 2252A(b)(1) (authorizing punishment for "[w]hoever violates, or <u>attempts to violate</u>" 18 U.S.C. § 2252A(a)(2) (emphasis added)).

Moreover, "even assuming that [the Factual Basis filed by the United States provided] an insufficient factual basis for [Petitioner's] plea . . . he has not shown that the error affected his substantial rights. . . . [Petitioner] does not suggest that he would not have pled guilty but for [any] error [by the Court in deeming the filing by the United States sufficient or] . . . that the [United States] could not provide a factual basis for each element . . . ." <u>United States v. Hargrove</u>, 523 F. App'x 986, 988 (4th Cir. 2013) (internal footnote omitted); <u>see also</u> <u>United States v. Dixon</u>, 105 F. App'x 450, 451-52 (4th Cir. 2004) ("While Fed. R.

6

Crim. P. 11(b)(3) requires a district court to determine that there is a sufficient factual basis supporting a conviction, Rule 11(b)(3) does not concern the acceptance of a guilty plea. Instead, [it] provides that the [district] court should not enter a 'judgment' without satisfying itself that there is a factual basis for the plea. Thus, a sufficient factual basis must have been present at the time of sentencing, when judgment was entered . . . . [A]ny attempt to challenge the factual basis at the guilty plea hearing (prior to sentencing) would have been premature, and failure to do so would not constitute ineffective assistance.").

To the contrary, in connection with the preparation of his Presentence Report ("PSR"), Petitioner

> submitted [a] typed statement . . . [admitting that he] "installed the Limewire software and began downloading free pornography . . . [eventually including] child porn when it was available. . . . [He] learned that one must 'share' some of their files with the file sharing community or the members would not let you download files from them. . . . [He] had about 5% of [his] files in the shared folder [and] . . . did share a few of [his] files with the other users . . . ."

(Docket Entry 22, ¶ 21; see also id. ("I am guilty of possession and distribution of child pornography.").)

Furthermore, Petitioner's Reply in support of his instant Section 2255 Motion explicitly declares that he "is not alleging that [he] is factually innocent, rather that the evidence seized was done so unconstitutionally, and his attorney provided ineffective assistance of counsel for not objecting to that

7

evidence (and search warrant), and for not filing Rule 16 requests thereto." (Docket Entry 31 at 3 (emphasis added).) In other words, Petitioner's ineffective assistance claim regarding the factual basis for his guilty plea effectively merges with his claim that his trial-level counsel rendered ineffective assistance by failing to move to suppress computer evidence seized pursuant to the search warrant (which evidence corroborated the ICAC Officer's online observation of Petitioner's child pornography sharing).

Regarding that suppression issue, Ground One asserts that the search warrant for Petitioner's office did not satisfy the Fourth Amendment because "[t]he FBI's proprietary software [called EP2P] used during the on-line investigation in this case has never been adversarially tested." (Docket Entry 27 at 5). More specifically, Ground One contends that, due to the lack of testing of the EP2P software used by the ICAC Officer, the judicial official who issued the warrant lacked a sufficient basis to conclude the child pornography the ICAC Officer reported remotely locating in shared files on a computer linked to Petitioner (by the assigned IP address) "came exclusively from [Petitioner's] computer . . ., e.g., that the 'swarming' capabilities of the LimeWire software were not used to obtain parts of the files from other LimeWire users, [and thus the application] failed to show probable cause for the search warrant." (Id. at 6; see also id. at 4 n.6 (defining "swarming" as function whereby "LimeWire software automatically

8

finds all other LimeWire users currently connected to the internet . . . who possess any part of [a] file – including incomplete files – in their shared folders, and will download parts of the file from all of them simultaneously, thereby drastically increasing download speed"), 6 (describing "LimeWire [as] a free-access file sharing program that allows users to download files from any other LimeWire user through a shared computer file folder on the host's computer"), 7-8 ("The FBI claims to have a specialized version of LimeWire they call 'EP2P' (Enhanced Peer-To-Peer) which, they say, was customized to assist child pornography investigations. . . . The FBI claims that EP2P eliminates [LimeWire's swarming] functionality. [EP2P] supposedly allows downloading from only one source at a time, thus allowing the FBI to claim that the entire file is available on that user's computer.").)

According to Petitioner, "[u]ntil the FBI's EP2P software has been put to the adversarial test, it must be proven in each case that the ENTIRE file came EXCLUSIVELY from the shared folder in a single source computer – in this case, [Petitioner's] office computer. Absent such proof, the [United States] . . . cannot show probable cause for a search . . . ." (Id. at 12 (capitalization as in original).) Petitioner cannot obtain relief on his suppression-related ineffective assistance claim for at least three reasons.

"First, [Petitioner] did not include [the] full [search warrant application], or even complete excerpts, in [his Section

9

2255 Motion filings] to support his assertions. . . . It is [therefore] impossible to determine what, if any, action defense counsel . . . should have taken . . . because there is no relevant [documentation regarding the search warrant application] supporting [Petitioner's] assertions." United States v. Fortner, 117 F. App'x 244, 246 (4th Cir. 2004).[6]

Second, where (as here), "a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).[7] "[T]he argument that [] [P]etitioner's attorney was ineffective in failing to file a motion to suppress [i]s precluded by [his] guilty plea under the rule in Tollett." Shabazz v. United States, Civ. No. 03-10277, Crim. No. 00-20068, at *1 (E.D. Mich. June 25, 2007) (unpublished) (internal citation omitted); see also Alonso v. United States, No. 11–CV–0998

---

[6] The record does not reflect whether the search warrant in question issued from this Court or a state court. No copy of any materials regarding said warrant appear on the Docket of Petitioner's criminal case in this Court and a search of the CM/ECF system for the address of his business produced no results.

[7] Petitioner pleaded guilty after a judicial colloquy that fully complied with Federal Rule of Criminal Procedure 11(b)(1) & (2). (See Docket Entry 19 at 12-40.) Moreover, as part of that exchange, Petitioner swore that his trial-level counsel "ha[d] done a good job representing [Petitioner] in [this] case." (Id. at 34.)

10

(FB), 2013 WL 1759938, at *2 (E.D.N.Y. Apr. 24, 2013) (unpublished) (rejecting "argu[ment] that attorney [] provided ineffective assistance during the plea stage of the criminal litigation . . . [because he] should have . . . filed a suppression motion," on the ground that said claim "relate[s] to the legal assistance provided by counsel prior to [the] petitioner's guilty plea . . . [and] a defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea" (internal brackets and quotation marks omitted)); United States v. Rosas, Nos. CIV 11-474-TUC-CKJ, CR 02-1016-TUC-JMR, CR 08-123-TUC-JMR, 2012 WL 786248, at *9 (D. Ariz. Mar. 9, 2012) (unpublished) ("[The petitioner] asserts that he was denied the effective assistance of counsel where counsel failed to . . . move to suppress evidence . . . . [Such] claims of ineffective assistance of counsel relating to pre-plea matters that are unrelated to the plea itself do not survive a guilty plea under Tollett.").

Third, even if Petitioner's guilty plea did not foreclose a collateral challenge based on his trial-level counsel's failure to contest the search warrant and even if the Court accepted Petitioner's generalized characterization of the search warrant application (in lieu of the allegedly-deficient application itself), Petitioner's instant claim still would fall short for reasons well-explained in United States v. Chiaradio, 684 F.3d 265

11

(1st Cir. 2012). In Chiaradio, an FBI agent "went online in an undercover capacity to search for child pornography. [His] investigation involved software known as LimeWire — a commercially available peer-to-peer file-sharing program that enables users to transmit files to and from other members of the LimeWire network." Id. at 271. "[The FBI agent] employed a special version of LimeWire developed by the FBI, known as 'enhanced peer-to-peer software' (EP2P), which was customized to assist child pornography investigations." Id. As in this case, the FBI agent in Chiaradio used EP2P to locate a computer sharing child pornography via LimeWire, identified the person and physical address associated with that computer by its IP address, obtained a search warrant for that physical address, and seized computer evidence containing child pornography pursuant to that warrant. See id. at 271-72.

The defendant in Chiaradio (like Petitioner) contended that the search warrant failed for want of probable cause because "EP2P [wa]s largely untested and [therefore] the affidavit filed in support of the search warrant did not sufficiently demonstrate [EP2P's] reliability." Id. at 278. In affirming the district court's denial of the defendant's suppression motion, the First Circuit emphasized that "the issuing magistrate's determination [of probable cause] 'should be paid great deference.'" Id. (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)). Further, the First Circuit explained that, notwithstanding any absence from the search

12

warrant application of any showing that EP2P software had undergone independent testing, "the magistrate made a sensible determination, based on a detailed affidavit, that a search of the defendant's residence was likely to turn up illicit images. Because probable cause does not require scientific certainty, no more was exigible." Id. at 279 (internal citation and quotation marks omitted). This Court should reach the same conclusion and thus should rule that any motion to suppress by Petitioner would have failed (such that the decision of his trial-level counsel to refrain from so moving could not constitute ineffective assistance, see Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take action if] . . . it would have been futile for counsel to have done so . . . .")).[8]

---

[8] As Petitioner has recognized, even if the Court determined that the ICAC Officer's search warrant application failed to demonstrate probable cause, "[u]nder what is generally termed the good faith exception, 'evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on the warrant was "objectively reasonable."'" (Docket Entry 27 at 13 (quoting United States v. Perez, 393 F.3d 457, 481 (4th Cir. 2004), which in turn quoted United States v. Leon, 468 U.S. 897, 922 (1984)).) According to Petitioner, "[t]he good faith exception to the exclusionary rule would not have applied in this case because (1) the bare bones nature of the affidavit failed to provide the issuing judge with a basis to determine probable cause; and (2) the issuing judge could not have acted as other than a rubber stamp in approving the warrant based on such an affidavit." (Id.) As support for that position, Petitioner simply has repeated his view that, given the lack of testing of EP2P software, no probable cause existed and "it [was] error for the judge to issue the requested warrant." (Id. at 14.) Petitioner cannot defeat the "good faith" exception in that
(continued...)

13

As a final matter, Ground One "asserts that [Petitioner's] appellate counsel was ineffective for failing to avail himself of the obvious errors listed above." (Docket Entry 27 at 17.) Because (as shown in the preceding discussion) no basis existed for Petitioner to contest the factual basis for his guilty plea (including by challenging the seizure of evidence via search warrant), his appellate counsel did not render ineffective assistance by opting against pursuing such matters with the Fourth Circuit. See Carter v. Lee, No. 99-10, 202 F.3d 257 (table), 1999 WL 1267353, at *11 (4th Cir. Dec. 29, 1999) (unpublished) ("Appellate counsel [is] not ineffective for failing to raise [an issue] on appeal [that] is plainly without merit.").

For all of these reasons, Ground One lacks merit.

<u>Grounds Two and Three – Sentencing (Witnesses/Associate Counsel)</u>

Ground Two states that Petitioner's trial-level counsel "was ineffective for failing to secure the presence of two defense witnesses who would offer testimony in mitigation of sentencing factors being considered by the Court where he knew in advance of

---

[8](...continued)
fashion. The mere fact that, in a given case, probable cause did not exist and the judicial official therefore erroneously issued a warrant does not mean the officer submitted a "bare bones" application or the judicial official acted as a "rubber stamp"; if it did, no cases would qualify for the "good faith" exception. Simply put, Petitioner has failed to show that a motion to suppress could have overcome the "good faith" exception in this case and his instant ineffective assistance claim thus fails as futile.

14

the topic to be discussed at the hearing . . . ." (Docket Entry 26, Continuation Sheet, p. 1.) This contention concerns "an eight year old girl," whose testimony (according to Petitioner) "was crucial to [his] ability to mitigate the testimony the Government's witnesses gave about alleged acts by [Petitioner] with this child." (Docket Entry 27 at 18; see also id. at 19-20 ("There was also a second witness that defense counsel failed to call at the hearing. The arresting officer, a Detective Clark, would also have discredited the Government's witnesses. . . . [His] testimony was relevant because he had interviewed the eight year old girl . . . .").) At sentencing, Petitioner's trial-level counsel "ask[ed] for a continuance in order to go and interview that child and see if [he] need[ed] to get her [to testify]." (Docket Entry 18 at 6.) After confirming that the United States did "not intend[] to place in evidence the statements of the child," the Court "den[ied] [the] motion [for a continuance] and hear[d] the evidence [offered by the United States from two witnesses who testified that they had observed Petitioner touching the girl on or around her shorts at a racetrack]." (Id. at 7.) The Court ultimately sentenced Petitioner below his advisory Sentencing Guidelines range (which range did not derive in any way from events related to the eight year old girl). (See Docket Entry 18 at 100; Docket Entry 22, ¶¶ 3-6, 9-27.)

15

On direct appeal, Petitioner (in his pro se brief) argued that he "should have been given the opportunity to discredit [the prosecution] witnesses using the girl's testimony . . . [and] request[ed] that his sentence be vacated and the case remanded for resentencing after a new hearing." Pro Se Supp. Brf. of Appellant at 10, United States v. Marsh, No. 11-4866 (4th Cir. Apr. 10, 2012). The Fourth Circuit, however, explicitly rejected that position. See Marsh, 479 F. App'x at 538 ("We have reviewed the arguments asserted by [Petitioner] in his pro se supplemental brief and conclude that they are without merit."); see also id. ("After thoroughly reviewing the record, we conclude that [Petitioner's] below-Guidelines sentence was both procedurally and substantively reasonable."). Because the Fourth Circuit already has determined that Petitioner's sentence should stand notwithstanding the absence of testimony from the girl in question, he cannot obtain a new sentencing hearing by simply re-packaging that same issue as an ineffective assistance of counsel claim. See, e.g., Torres v. United States, Nos. 1:06CR255, 1:09CV226, 2010 WL 2342462, at *3 (W.D.N.C. June 8, 2010) (unpublished) ("While [the] [p]etitioner raises his present claim under the rubric of ineffective assistance of counsel, because he challenged precisely the same underlying conduct on appeal and the challenge was rejected, [the] [p]etitioner, at a minimum, cannot establish that he was prejudiced."), appeal dismissed, 397 F. App'x 913 (4th Cir. 2010).

Further, "[w]here a petitioner faults counsel for not calling a witness, the petitioner must provide 'concrete evidence of what the witness would have testified to in exculpation,' so that the reviewing court can adequately assess the significance of the decision not to call the witness." Davis v. Clarke, No. 3:13CV119, 2014 WL 693536, at *4 (E.D. Va. Feb. 21, 2014) (unpublished) (internal brackets omitted) (emphasis added) (quoting United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004)). Petitioner has offered no such "concrete evidence." (See Docket Entry 26, Continuation Sheet, p. 1; Docket Entry 27 at 18-21; Docket Entry 31 at 6-10.) Accordingly, Ground Two fails on that basis as well.

Ground Three asserts that Petitioner's trial-level counsel "was ineffective for failing to secure the presence of [Petitioner's] state counsel as co-counsel during the sentencing hearing where he knew in advance that the topics to be presented were beyond the scope of his knowledge of [Petitioner's] case –- OR ALTERNATIVELY -- trial[-level] counsel failed to adequately prepare himself for the hearing -- AND -- appellate counsel was ineffective for failing to appeal [this] [C]ourt's denial of [Petitioner's] request to be represented by counsel of his choice at sentencing." (Docket Entry 26, Continuation Sheet, p. 1 (capitalization as in original).) As support for such claim(s), Ground Three states:

> At sentencing, [Petitioner] wished to have his state defense lawyer question witnesses for the prosecution that were not witnesses to his federal offense, but to a

17

> state offense that was pending against [Petitioner] [pertaining to his conduct with the eight year old girl referenced in Ground Two]. [Petitioner's trial-level] [c]ounsel knew a week in advance of the topics to be discussed at the [sentencing] hearing and yet he failed to prepare for the hearing by familiarizing himself with [Petitioner's] state case or to have the state lawyer there to question the witnesses. [This] [C]ourt denied [Petitioner's trial-level] counsel's request for a continuance to secure co-counsel. [Petitioner's trial-level] [c]ounsel was therefore ineffective for failing to prepare for the hearing. Appellate counsel was also ineffective for failing to appeal [this] [C]ourt's denial of [Petitioner's] request to obtain counsel of choice.

(Id., Continuation Sheet, p. 2.)

In his pro se direct appeal brief, Petitioner similarly argued that this Court "den[ied] his right to counsel of his choosing [and] he was prejudiced because his attorney was unable to effectively examine the witnesses against him. . . . Because [Petitioner] was forced to proceed without the counsel of his choosing, he was essentially denied any meaningful representation at sentencing." Pro Se Supp. Brf. of Appellant at 7-8, Marsh, No. 11-4866. The Fourth Circuit "reviewed th[at] argument[] . . . and conclude[d] that [it was] without merit." Marsh, 479 F. App'x at 538. In the words of a neighboring court that confronted an analogous situation: "While Petitioner raises his present claim under the rubric of ineffective assistance of counsel, because he challenged precisely the same underlying conduct on appeal and the challenge was rejected, Petitioner, at a minimum, cannot establish that he was prejudiced." Torres, 2010 WL 2342462, at *3.

18

Further, the bald assertion that Petitioner's trial-level counsel insufficiently prepare for the sentencing hearing states no claim. See Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief.") (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)), appeal dismissed, 599 F. App'x (4th Cir. 2015). Nor has Petitioner shown that he would have received a lesser sentence if his state attorney had appeared at the sentencing hearing. (See Docket Entry 26, Continuation Sheet, pp. 1-2; Docket Entry 27 at 22-24; Docket Entry 31 at 6-10; see also Docket Entry 18 at 6 ("THE COURT: . . . I don't know [Petitioner's state attorney] at all, but I've known [Petitioner's trial-level counsel] for a long time, and I would be very surprised if [Petitioner's state attorney], knowing what he does about that case, could do a better job than [Petitioner's trial-level counsel] will knowing what [he] know[s] about that case.").) Ground Three is thus "conclusory, speculative, and unsupported and fails for all of these reasons," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, Jr., C.J.).

In sum, the Court should deny relief on Grounds Two and Three.

## CONCLUSION

Petitioner has established no basis for relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 26) be denied without a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 22, 2015